IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-54

No. 217A21

Filed 6 May 2022

IN THE MATTER OF: L.A.J. and J.T.J.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 2 March 2021 by Judge John K. Greenlee in District Court, Gaston County. This matter was calendared for argument in the Supreme Court on 18 February 2022 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No brief for petitioner-appellees.*

*No brief for Guardian ad Litem.*

*Leslie Rawls for respondent-appellant mother.*

BERGER, Justice.

¶ 1 Respondent-mother[1] appeals from the trial court's order terminating her parental rights to her children, L.A.J. (Lucy) and J.T.J. (Joseph). [2] Upon review of this private termination action, we affirm the trial court.

## I. Background

¶ 2 Lucy and Joseph were born in Gaston County, North Carolina in 2015 and

---

[1] The trial court's order also terminated the parental rights of the children's father who is not a party to this appeal.

[2] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

2016, respectively. Both children currently reside in Gaston County. Petitioners are also residents of Gaston County and have been court-appointed custodians of the two juveniles since April 2018.

¶ 3         On May 14, 2020, petitioners filed a verified petition in District Court, Gaston County to terminate the parents' parental rights on the grounds of willful abandonment pursuant to N.C.G.S. § 7B-1111(a)(7) (2019). The petition alleged that the parents, whose last known addresses were in Ohio, had not visited with the children since 2017; had not had contact with the children since March 2019; had not sent any gifts, cards, or written correspondence to the children; had failed to provide financial support to the children; and had failed to provide love, affection, or support to the children or make any effort to foster a relationship with them.

¶ 4         Respondent-mother was assigned counsel and served with the petition and summons in Ohio on June 9, 2020. She did not file an answer. The termination petition was calendared for hearing but continued three times at calendar call in 2020—the first time in July 2020 based on the needs of all parties; the second time in October 2020 upon a request by respondent-mother's newly appointed counsel; and the third time in December 2020 due to purported coronavirus issues.

¶ 5         On January 29, 2021, petitioners served a notice of hearing for February 10, 2021. When the case came on for hearing, respondent-mother was not present, and counsel for respondent-mother moved for a continuance. The trial court denied the

motion to continue and proceeded with the hearing.

On March 2, 2021, the trial court entered an order terminating respondent-mother's parental rights to Lucy and Joseph. The court concluded that respondent-mother had willfully abandoned the children and termination of parental rights was in the children's best interests. Respondent-mother appeals, arguing that the trial court erred in denying counsel's motion to continue. Specifically, respondent-mother asserts that the trial court abused its discretion in denying the motion to continue because she had difficulty attending the hearing on short notice, traveling from her residence in Ohio to North Carolina was burdensome, and extraordinary circumstances existed due to coronavirus restrictions.[3] We disagree.

## II. Analysis

This court has previously held:

> [A] motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review. If, however, the motion is based on a right guaranteed by the Federal and State Constitutions, the motion presents a question of law and the order of the court is reviewable. Moreover, regardless of whether the motion raises a constitutional issue or not, a denial of a motion to continue is only grounds for a new trial when defendant shows both that the denial was erroneous, and that he suffered prejudice as a result of the error.

---

[3] Respondent-mother acknowledges in her brief that counsel did not cite coronavirus concerns as grounds for the motion to continue. Respondent-mother has thus waived that argument, and we do not consider it on appeal. *See* N.C. R. App. P. 10(a)(1); *In re J.E.*, 377 N.C. 285, 2021-NCSC-47, ¶ 14.

*In re M.J.R.B.*, 377 N.C. 453, 2021-NCSC-62, ¶ 11 (cleaned up).

Because counsel did not assert a constitutional basis for the requested continuance, we review denial of the motion to continue for abuse of discretion. *Id.*; *see also In re A.L.S.*, 374 N.C. 515, 517 (2020) ("Respondent-mother did not assert in the trial court that a continuance was necessary to protect a constitutional right. We therefore review the trial court's denial of her motion to continue only for abuse of discretion.").

"An abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re T.L.H.*, 368 N.C. 101, 107 (2015) (cleaned up). "In reviewing for an abuse of discretion, we are guided by the Juvenile Code, which provides that '[c]ontinuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice.' " *In re J.E.*, 377 N.C. 285, 2021-NCSC-47, ¶ 15 (alteration in original) (quoting N.C.G.S. § 7B-1109(d) (2019)). "Furthermore, continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. The chief consideration is whether granting or denying a continuance will further substantial justice." *Id.* (cleaned up).

Petitioners filed their termination petition on May 14, 2020. Almost nine months passed before the case was finally called for hearing on February 10, 2021,

due in part to the continuances discussed above. Respondent-mother was not present when the matter was called for hearing and counsel moved to continue the matter for a fourth time.

¶ 11 Although respondent-mother had not filed an answer to the petition, *see* N.C.G.S. § 7B-1107 (2019), counsel informed the trial court that she denied the allegations set forth in the petition and wished to be present to contest the proceeding. Counsel further asserted that: respondent-mother lives in Ohio; counsel sent her notice of the hearing on January 29, 2021, just as he had done on prior occasions to notify her of court dates and calendar calls; after "basically play[ing] phone tag" with respondent-mother all week, he was able to speak with her the morning of the hearing; and respondent-mother told counsel that she had only recently received the notice of hearing on February 5, 2021, and it was "difficult for her to get down here on short notice."

¶ 12 The record shows counsel was served with a notice of the February 10 hearing date on January 29, 2021. Counsel forwarded the notice of hearing by mail to respondent-mother that same day.

¶ 13 Respondent-mother claimed she did not receive the notice until February 5, 2021, five days before the hearing; however, even if respondent-mother was not aware of the specific date of the hearing until February 5, 2021, she was notified in December 2020 that the matter was rescheduled for the week of February 8, 2021.

Counsel advised the trial court that he mailed a letter to respondent-mother on December 3, 2020, and respondent-mother concedes in her brief that counsel "apparently had notified her of the trial week after the case was continued at the 2 December 2020 calendar call." Thus, respondent-mother was notified as early as December 2020 that her case would be heard during the week of February 8, 2021. Consistent with this prior notification from counsel, respondent-mother thereafter received notice stating the specific date and time the termination hearing would be held.

¶ 14        Counsel further failed to provide any specific reasons why respondent-mother was unable to attend the hearing. Counsel merely asserted that it was "difficult for her to get down here on short notice." Even on appeal, when respondent-mother notes that the drive from Ohio takes eight hours and would have required a three-day trip to attend the hearing, she does not provide specific reasons for her absence. She instead suggests that "[m]ost people would require some advance notice to make a three-day trip[.]" Nonetheless, as noted above, respondent-mother received more than sixty-days' notice that the hearing would occur during the week of February 8, 2021.

¶ 15        "[C]ontinuances are not favored, [and] motions to continue ought not to be granted unless the reasons therefor are fully established." *In re D.J.*, 378 N.C. 565, 2021-NCSC-105, ¶ 14 (cleaned up). Respondent-mother received notice months in

advance of the week the termination petition would be heard. She failed to provide any reason to justify the requested continuance. Having offered no legitimate reason for being unable to attend the hearing, respondent-mother failed to establish extraordinary circumstances requiring another continuance far beyond the ninety-day deadline. *See* N.C.G.S. § 7B-1109(d). Respondent-mother has failed to demonstrate that the trial court's denial of her motion to continue "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re T.L.H.*, 368 N.C. at 107 (cleaned up). As such, the trial court did not abuse its discretion in denying counsel's motion to continue.

### III. Conclusion

The trial court's denial of respondent-mother's motion to continue is affirmed.

AFFIRMED.